IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,783-01




EX PARTE RAYMOND EARL COOPER, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 12-0292X(A) IN THE 71st DISTRICT COURT
FROM HARRISON COUNTY




            Per curiam. Keller, PJ., Keasler and Hervey, JJ., dissent.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
online solicitation of a minor. He was sentenced to ten years’ community supervision on count one
and two years’ imprisonment on count two. He did not appeal his conviction. 
            This Court, in Ex parte Lo, held unconstitutional the online solicitation of a minor statute for
which Applicant was convicted. Ex parte Lo, 424 S.W.3d 10 (Tex. Crim. App. 2013). Applicant,
through counsel, filed this habeas application based on the Lo decision and asks that his conviction
be set aside. The State agrees that Applicant’s conviction should be set aside. We agree that
Applicant is entitled to relief. However, this Court has jurisdiction to grant relief only as to count
two of the judgment. The sentence in count one is probated and relief is not available pursuant to
Article 11.07.


 
            Therefore, relief is granted only on count two of the judgment. The judgment in Cause No.
12-0292X(A) in the 71st District Court of Harrison County is set aside as it pertains to count two,
and Applicant is remanded to the custody of the Sheriff of Harrison County to answer the charges
as set out in the indictment so that the indictment, as it pertains to count two, may be disposed of in
accordance with this Court’s opinion in Ex parte Lo. The trial court shall issue any necessary bench
warrant within 10 days after the mandate of this Court issues.
            The application as it pertains to count one is dismissed for want of jurisdiction.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: May 7, 2014
Do not publish